UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CIVIL ACTION NO. 5:10-242-KKC

BRUCE WILLIAM COLLINS,                                                   PLAINTIFF,

v.                                           **OPINION AND ORDER**

STEVE HANEY, et al.,                                                     DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on the Plaintiff's Motion to Appoint Counsel (DE 49) and Motion to Submit and Enter into Evidence (DE 50) and the Defendants' Motion for Bench Trial (DE 54).

### I.      Background.

The Plaintiff was an inmate at Northpoint Training Center in Burgin, Kentucky. He alleges that he was assaulted by fellow inmates after he informed Northpoint personnel that the inmates had threatened him and after he requested a transfer to another prison.

Prison officials have a duty under the Eighth Amendment "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). For a claim based on a prison official's failure to prevent harm to a prisoner, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm and that the official was deliberately indifferent to the prisoner's health or safety. *Id.* at 834.

As to the definition of deliberate indifference, the Supreme Court has explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* at 837.

"A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact . . . ." *Id*. at 842.

The Defendants moved to dismiss the claims against them in their individual capacities but characterized the Plaintiff's claim as alleging deliberate indifference to his medical needs. Because the Plaintiff asserts a failure-to-protect claim, the Court denied the Defendants' motion to dismiss the claims against them in their individual capacities. The Court did, however, dismiss the claims against the Defendants in their official capacities.

By recent order, this Court set aside the pre-trial and trial dates while resolving the Plaintiff's motion to appoint counsel. The Court will re-set those dates by subsequent order.

**II.     Motions.**

The Defendants have filed a motion requesting a bench trial. (DE 54). The Plaintiff opposes that motion. Because the Plaintiff requested a jury trial in his Complaint, the Defendants' motion for a bench trial will be denied.

Collins has filed a motion seeking the appointment of counsel to represent him in these proceedings. (DE 49). This Court is permitted in exceptional circumstances to appoint counsel to represent a pro se party in civil litigation. 28 U.S.C. § 1915(e)(1); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The Court is not, however, provided with the funds to pay appointed counsel for his or her services in a civil matter.

Further, as this Court has explained, the Court has considered the complexity of the case, *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993), the ability of the Plaintiff to represent himself competently, *Lanier*, 332 F.3d at 1006, and his likelihood of success on the merits of the claim. *Cleary v. Mukaskey*, 307 F. App'x 963, 965 (6th Cir. 2009). The Court continues to find that that this case is not an exceptional one warranting the appointment of counsel to represent the

2

Plaintiff without pay. For these reasons, the Court will deny the Plaintiff's motion to *appoint* counsel to represent him.

Nevertheless, the Court does believe that it would be of benefit to the parties and the Court for the Plaintiff to be represented by counsel at the trial of this matter. A trial presents complexities and procedural issues that are most efficiently managed by counsel. Accordingly, the Court has assisted the Plaintiff by locating the following attorney who is familiar with federal court and is willing to discuss representing the Plaintiff on a contingency basis:

> Dan Carman
> (859) 685-1055
> (859) 396-1049
> 271 W. Short St.
> Suite 512
> Lexington, KY 40507

Representation on a "contingency basis" means that the Plaintiff will not be required to pay counsel unless the Plaintiff wins at trial and is awarded damages. If the Plaintiff is awarded damages, he will be required to pay Mr. Carman some portion of those damages. The Court is NOT appointing Mr. Carman to represent the Plaintiff. The Plaintiff may contact Mr. Carman to discuss representation and further details regarding how Mr. Carman will be paid. If the Plaintiff and Mr. Carman reach an agreement that Mr. Carman should represent the Plaintiff in this matter, then Mr. Carman will file a Notice of Appearance stating that he is representing the Plaintiff. Until the Notice of Appearance is filed, this Court will not consider Mr. Carman to be acting as the Plaintiff's counsel.

The Plaintiff is, of course, not required to hire Mr. Carman to represent him. He may secure another lawyer or he may continue to represent himself. If the Plaintiff secures a lawyer – whether Mr. Carman or other counsel – then that lawyer shall file a Notice of Appearance within 21 days of the entry date of this order. If no such Notice of Appearance is filed, the Court will assume that the Plaintiff is proceeding pro se.

After the filing of a Notice of Appearance, the Court will schedule a telephonic status conference to discuss new pretrial and trial dates and other matters. If no Notice of Appearance is filed, the Court will issue an order setting pretrial and trial dates.

As to the Plaintiff's Motion to Submit and Enter into Evidence, the Plaintiff requests that his updated medical record be submitted and entered into evidence. He explains that these medical records are an addendum to the medical records he has already submitted to the Court. The Plaintiff requests that these records be maintained under seal and that they be available for the pretrial and trial of this matter.

In a prior order (DE 32), this Court ordered that certain medical records tendered by the Plaintiff be filed in the record and maintained under seal. The Court explained, however, that because the medical records had not yet been authenticated, the Plaintiff's request that the documents be considered as evidence in support of his claim had to be denied. The Plaintiff later filed a Certification of Medical Records (DE 42) which he asserted authenticated the medical records filed in the record. The Court made no determination, however, regarding the relevance or admissibility of the tendered medical records. (DE 45). With his current motion, the Plaintiff also tenders a Certification of Medical Records in support of the updated records.

The Court will grant the Plaintiff's motion to the extent that he requests that the updated records be maintained in the record of this matter under seal. The Court makes no determination, however, regarding the relevance or admissibility of the records.

### III.   Conclusion.

1)   The Defendants' Motion for Bench Trial (DE 54) is DENIED;

2)   The Plaintiff's Motion to *Appoint* Counsel (DE 49) is DENIED. However, the Court has informed the Plaintiff that attorney Dan Carman is willing to discuss representing the Plaintiff on a contingency basis. The Court has also provided the Plaintiff with Mr. Carman's contact information.

3) If the Plaintiff secures a lawyer to represent him in this matter – whether MR. Carman or other counsel -- then that lawyer SHALL FILE a Notice of Appearance within 21 days of the entry date of this order. If no such Notice of Appearance is filed, the Court will assume that the Plaintiff is proceeding pro se. After the filing of a Notice of Appearance, the Court will schedule a telephonic status conference to discuss new pretrial and trial dates and other matters. If no Notice of Appearance is filed, the Court will issue an order setting pretrial and trial dates.

4) The Plaintiff's Motion to Submit and Enter into Evidence (DE 50) is GRANTED in part and DENIED as premature in part. The motion is GRANTED to the extent that the Plaintiff asks the Court to maintain the tendered medical records in the record of this matter and the Clerk of the Court is DIRECTED to maintain the records UNDER SEAL. The motion is DENIED to the extent that the Plaintiff asks the Court to rule as to the admissibility of the records in the trial of this matter. That determination will be made at a later date.

Dated this 22nd day of May, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge